UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD NISHON, *et al.*,

    Plaintiffs,

  v.

FORD MOTOR CO.,

    Defendant.
_____/

Case No. 23-11972

Hon. George Caram Steeh

ORDER GRANTING DEFENDANT'S
MOTION TO STAY (ECF NO. 15)

      This case is related to *Pacheco v. Ford Motor Company,* Case No. 22-11927, in which the plaintiffs alleged that their vehicles had a defect that created a risk of engine fire. *Pacheco* involves the following vehicles manufactured by Ford Motor Company: Model Year 2020-22 Ford Hybrid Escapes, 2022 Ford Hybrid Mavericks, and 2021-22 Lincoln Hybrid Corsairs. The plaintiffs allege that the engines in affected vehicles "can leak and cause significant quantities of engine oil and/or fuel vapors to accumulate near ignition sources, resulting in under hood smoke and fires." Case No. 22-11927, ECF No. 14 at ¶ 3. None of the *Pacheco* Plaintiffs alleged that they experienced leaking engines or an engine fire.

Ford initiated a voluntary recall of the affected vehicles on July 7, 2022. The company developed a repair intended to reduce or eliminate the risk of fire. Based upon this offered repair and voluntary recall, supervised by the National Highway Traffic Safety Administration, the court granted Ford's motion to dismiss in *Pacheco* on prudential mootness grounds. *Id.* at ECF No. 22. In part, the court determined that the plaintiffs' allegations of an overpayment injury were insufficient when they did not allege that a fire risk or other injury would remain after the recall remedy was completed.

Subsequently, Ford issued a second recall of affected vehicles in May 2023. This recall was based Ford's investigation of engine fires that occurred in vehicles that had received the remedy recommended in the first recall. To date, Ford has not announced a fix that will eliminate the risk of fire.

Based upon these additional facts, the court provisionally granted the plaintiffs' motion for relief from judgment in *Pacheco.* The court lacks jurisdiction to grant the motion because the case is on appeal at the Sixth Circuit. The *Pacheco* plaintiffs have expressed their intent to seek remand from the Sixth Circuit so that the case may proceed in this court.

Meanwhile, the second recall prompted this second lawsuit, which involves the same defect that was at issue in *Pacheco*. A distinguishing fact

is that two of the Plaintiffs in this case, Todd Nishon and James Capps, have experienced engine fires that destroyed their vehicles. Plaintiffs allege violations of the Magnuson-Moss Warranty Act, fraudulent concealment, unjust enrichment, and violations of various state consumer protection acts. These claims and their factual basis overlap with those alleged in *Pacheco,* and are brought by the same counsel.

Ford seeks a stay of this action, pending the Sixth Circuit's resolution of *Pacheco*, among other grounds. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014). "Where the stay motion is premised on the alleged significance of another case's imminent disposition, courts have considered the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp.3d 616, 644 (E.D. Mich. 2015) (citations omitted). The court is mindful that it "must tread carefully in granting a stay of proceedings, since a party has a right to a

- 3 -

determination of its rights and liabilities without undue delay." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio*, 565 F.2d 393, 396 (6th Cir. 1977).

The court anticipates that *Pacheco* will be remanded from the Sixth Circuit following the provisional grant of the plaintiffs' Rule 60(b) motion. Given the substantial overlap of the facts and legal issues between this case and *Pacheco,* judicial economy strongly favors staying this case until the Sixth Circuit issues a decision regarding remand. If *Pacheco* is remanded, it will be most efficient to allow both cases to proceed in tandem, avoiding duplicative motion practice and discovery. Consolidation pursuant to Rule 42 may be appropriate. A relatively brief delay will not unduly prejudice Plaintiffs, who will also benefit from the efficiency of both cases proceeding together. If the Sixth Circuit declines to remand *Pacheco*, its decision will be instructive and simplify the issues to be decided here.

Accordingly, the court will exercise its discretion in favor of staying this action until the Sixth Circuit determines whether to remand *Pacheco*.[1] IT IS HEREBY ORDERED that Defendant's motion to stay is GRANTED, consistent with this opinion and order. After the court lifts the stay,

---

[1] The court declines to consider Defendant's other grounds for stay, including whether Nishon and Capps should be severed or are the real parties in interest, as premature. These matters do not support a stay, but are merit questions that should be considered in the appropriate procedural context.

- 5 -

Defendant will have 30 days to answer or otherwise respond to the complaint.

Dated: January 17, 2024

                                                        <u>s/George Caram Steeh</u>
                                                       HON. GEORGE CARAM STEEH
                                                       UNITED STATES DISTRICT JUDGE